# EXHIBIT "C"

Filed
8/31/2017 7:02 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

2017DCV-4039-C

CAUSE NO. _____

| | | |
|---|---|---|
| AVALANCHE FOOD GROUP, LLC AND AFG SPID, INC. | § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| v. | § § | NUECES COUNTY, TEXAS |
| STARR SURPLUS LINES INSURANCE COMPANY, CHUBB CUSTOM INSURANCE COMPANY, GENERAL SECURITY INDEMNITY INSURANCE COMPANY OF ARIZONA AND JAY ADAME. SR. | § § § § § § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

---

## PLAINTIFFS' ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Avalanche Food Group, LLC and AFG SPID, Inc., hereinafter referred to as Plaintiffs, complaining of Starr Surplus Lines Insurance Company ("Starr"), Chubb Custom Insurance Company ("Chubb"), General Security Indemnity Insurance Company of Arizona ("General Security"), and Jay Adame, Sr. ("Adame") (hereinafter collectively referred to as "Defendants") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1.     Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery.  Therefore, Plaintiffs asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## PARTIES

2.      Plaintiff Avalanche Food Group, LLC is a domestic Limited Liability Corporation.

3.      Plaintiff AFG SPIC, Inc. is incorporated in Texas.

4.      Defendant Starr is a foreign insurance company engaging in the business of insurance in the State of Texas.  Pursuant to the insurance policy's "Service of Process Clause Endorsement," service may be made upon the following designated agent for service:  Legal Department, Starr Surplus Lines Insurance Company, 399 Park Avenue, New York, NY 10022.

5.      Defendant Chubb is a foreign insurance company engaging in the business of insurance in Texas.  This Defendant may be served by serving its registered agent for service:  C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6.      Defendant General Security is a foreign insurance company engaging in the business of insurance in the State of Texas.  Pursuant to the insurance policy's "Service of Process Clause Endorsement," service may be made upon the following designated agent for service: Legal Department, Starr Surplus Lines Insurance Company, 399 Park Avenue, New York, NY 10022.

7.      Defendant Adame is an individual residing in Texas and may be served with process at the following address: 722 Morgan Boulevard, Suite M, Harlingen, Texas 78550.

7.      The Clerk is requested to issue Citations.

## JURISDICTION

8.      Plaintiffs stipulates that the damages in this matter are between $200,000 and $1,000,000, and that the damages are within the jurisdictional limits of the court.  Plaintiffs contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes this stipulation as required by TEX.R.CIV.P. 47.

---

9.     The court has jurisdiction over Defendants Starr, Chubb and General Security because these Defendants engage in the business of insurance in the State of Texas and Plaintiffs' causes of action arise out of these Defendants' business activities in the State of Texas.

10.     The court has jurisdiction over Defendant Adame because this Defendant engages in the business of adjusting insurance claims in the State of Texas and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

## VENUE

11.     Venue is proper in Nueces County, Texas, because the insured property is situated in Nueces County, Texas. TEX.CIV.PRAC.REM.CODE §15.032.

## FACTS

12.     Plaintiffs manage and operate a restaurant in Corpus Christi, Texas.

13.     In order to protect the property, Plaintiffs purchased on insurance policy (hereinafter referred to as "the Policy"), which was issued by Defendants Starr, Chubb and General Security.  Plaintiffs have an insurable interest in the property, which is located at 5425 S. Padre Island Drive, Suite 149, Corpus Christi, Texas 78411 (hereinafter referred to as "the Property").

13.     Defendants Starr, Chubb and General Security sold the Policy insuring the Property to Plaintiffs.  Plaintiffs paid its premiums at the times required and at all times relevant to this lawsuit, maintained coverage through Defendants Starr, Chubb and General Security.

14.     The city of Corpus Christi experienced a water contamination event on or about December 15, 2016.  As a result of the event, Plaintiffs subsequently opened a claim and Defendants Starr, Chubb and General Security assigned Defendant Adame to adjust the claim. Defendants Starr, Chubb and General Security assigned a date of loss of to the claim of December

15, 2016.   Defendants Starr, Chubb and General Security wrongfully delayed and underpaid Plaintiffs' claim and refused to issue a full and fair payment for the business interruption loss.

15.   Defendants Starr, Chubb and General Security retained Defendant Adame to evaluate the loss.   Defendant Adame retained an accounting expert that biased in factor of the insurers.   Specifically, Defendant Adame knew that policy prohibited reductions "(1) raw stock from which production is derived; (2) supplies consisting of materials consumed directly in the conversion of such raw stock into finished stock; (3) merchandise sold, including packaging materials therefor; and (4) services purchased from outsiders (not employees of the Insured) for resale which do not continue under contract."   In spite of having no evidence whatsoever of any expenses that met the policy's definitions, Defendant Adame nevertheless adjusted the loss to include deductions that cannot be deducted under the clear and unequivocal terms of the Policy. When this was pointed out to Defendant Adame, full and final payment was still not issued. Further, Defendant Adame prepared a sworn statement and proof of loss for Plaintiffs' signature that contained the prohibited deductions and attempted to have Plaintiffs swear to amounts that were inaccurate and understated Plaintiffs' loss.

17.   Defendants Starr, Chubb and General Security failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy in effect during Plaintiffs' loss.   Specifically, Defendants Starr, Chubb and General Security refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been carried out and accomplished by Plaintiffs.   Defendants Starr, Chubb and General Security's conduct constitutes a breach of the insurance contract between Defendants Starr, Chubb and General Security and Plaintiffs.

---

*Plaintiff's Original Petition*                                                                                                    Page 4

18.     Defendants misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(1).

19.     Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, although Defendants were aware of their liability to Plaintiffs under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(2)(a).

20.     Defendants failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(3).

21.     Defendants failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(4).

22.     Defendants refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair

and inequitable evaluation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' loss on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(7).

23.     Defendants Starr, Chubb and General Security failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Defendants Starr, Chubb and General Security's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.055.

24.     Defendants Starr, Chubb and General Security failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Defendants Starr, Chubb and General Security 's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.056.

25.     Defendants Starr, Chubb and General Security failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendants Starr, Chubb and General Security has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs has not yet received full payment for its claim. Defendants Starr, Chubb and General Security 's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §541.058.

26.     From and after the time Plaintiffs' claim was presented to Defendants Starr, Chubb and General Security, the liability of Defendants Starr, Chubb and General Security to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendants Starr, Chubb and General Security has refused to pay Plaintiffs in full, despite there being no basis

whatsoever on which a reasonable insurance company would have relied on to deny the full payment of Plaintiffs' claim. Defendants Starr, Chubb and General Security 's conduct constitutes a breach of the common law duty of good faith and fair dealing.

27.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiffs.

28.     As a result of Defendants' wrongful acts and omissions, Plaintiffs was forced to retain the professional services of the law firms who are representing Plaintiffs with respect to these causes of action.

### CAUSES OF ACTION AGAINST DEFENDANT ADAME

#### A.     TEXAS INSURANCE CODE VIOLATIONS

29.     Defendant Adame's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

30.     Defendant Adame is individually and separately liable for his unfair and deceptive acts, irrespective of the fact they were acting on behalf of Defendants Starr, Chubb and General Security, because individually, he meets the definition of a "person" as defined by TEX.INS.CODE §541.002(2).   The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

31.     Defendant Adame's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

32.     Defendant Adame's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(2)(A).

33.     The unfair settlement practice of Defendant Adame as described above, of failing to promptly provide the Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(3).

34.     Defendant Adame's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(4).

35.     Defendant Adame's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

## CAUSES OF ACTION AGAINST DEFENDANTS STARR, CHUBB AND GENERAL SECURITY

36.     Defendants Starr, Chubb and General Security are liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### A.     BREACH OF CONTRACT

37.     Defendants Starr, Chubb and General Security 's conduct constitutes a breach of the insurance contract made between Defendants Starr, Chubb and General Security and Plaintiffs.

38.     Defendants Starr, Chubb and General Security's failure and refusal, as described above, to pay the adequate compensation it is obligated to pay under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendants Starr, Chubb and General Security's insurance contract with Plaintiffs.

### B.     NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

39.     Defendants Starr, Chubb and General Security's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

40.     Defendants Starr, Chubb and General Security's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

41.     Defendants Starr, Chubb and General Security's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendants Starr, Chubb and General Security's liability

---

*Plaintiff's Original Petition*                                                                 Page 9

under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

42.    Defendants Starr, Chubb and General Security's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

43.    Defendants Starr, Chubb and General Security's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

44.    Defendants Starr, Chubb and General Security's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

45.    Defendants Starr, Chubb and General Security's conduct described above compelled Plaintiffs to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendants Starr, Chubb and General Security refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiffs to file suit. TEX.INS.CODE §542.003(5).

---

C.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF
     CLAIMS

46.    Defendants Starr, Chubb and General Security's conduct constitutes multiple
violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under
this article are made actionable by TEX.INS.CODE §542.060.

47.    Defendants Starr, Chubb and General Security's failure to acknowledge receipt of
Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items,
statements, and forms that they reasonably believed would be required within the applicable time
constraints, as described above, constitutes a non-prompt payment of claims and a violation of the
TEX.INS.CODE §542.055.

48.    Defendants Starr, Chubb and General Security's failure to notify Plaintiffs in
writing of its acceptance or rejection of the claims within the applicable time constraints,
constitutes a non-prompt payment of the claims within the applicable time constraints and a
violation of the TEX.INS.CODE §542.056.

49.    Defendants Starr, Chubb and General Security's delay of the payment of Plaintiffs'
claim following its receipt of all items, statements, and forms reasonably requested and required,
for longer than the amount of time provided for, as described above, constitutes a non-prompt
payment of the claims. TEX.INS.CODE §542.058.

50.    Defendants Starr, Chubb and General Security's conduct described above
compelled Plaintiffs to initiate a lawsuit to recover amounts due under the policy by offering
substantially less than the amount ultimately recovered. Defendants Starr, Chubb and General
Security refused to even offer more than its own grossly undervalued estimates despite actual
damages exceeding his evaluation. This continued failure compelled Plaintiffs to file suit.
TEX.INS.CODE §542.003(5).

**D.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

51.    Defendants Starr, Chubb and General Security's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

52.    Defendants Starr, Chubb and General Security's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendants Starr, Chubb and General Security knew or should have known by the exercise of reasonable diligence that its liability was reasonable clear, constitutes a breach of the duty of good faith and fair dealing.

**KNOWLEDGE**

53.    Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

**DAMAGES**

54.    Plaintiffs will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

55.    For breach of contract, Plaintiffs is entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, together with attorney's fees.

56.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiffs asks for three times Plaintiffs' actual damages. TEX.INS.CODE §541.152.

57.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs is entitled to the amount of Plaintiffs' claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiffs' claim as damages, together with attorney's fees. TEX.INS.CODE §542.060.

58.     For breach of the common law duty of good faith and fair dealing, Plaintiffs is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

59.     For the prosecution and collection of this claim, Plaintiffs has been compelled to engage the services of the law firms whose names are subscribed to this pleading.  Therefore, Plaintiffs is entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### JURY DEMAND

60.     Plaintiffs hereby requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas.   Plaintiffs hereby tenders the appropriate jury fee.

### DISCOVERY REQUESTS

61.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs requests that Defendants disclose the information or material described in Rule 194.2.

### MOTION TO COMPEL MEDIATION

62.     Pursuant to section 541.161 of the Texas Insurance Code, Plaintiffs move this Court for an order compelling the mediation of this dispute.

---

*Plaintiff's Original Petition*                                                                               Page 13

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that upon trial hereof, said Plaintiffs has and recovers such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiffs requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiffs may show itself to be justly entitled.

Respectfully submitted,

**HAUN MENA, PLLC**

By: *_/s/ Ryan K. Haun_*
RYAN K. HAUN
State Bar No.: 24055634
D. DOUGLAS MENA
State Bar No.: 24054982
3006 Brazos Street
Houston, Texas 77006
(713) 781-8600 – Telephone
(713) 781-8601 – Fax
ryan@haunmena.com
doug@haunmena.com

**ATTORNEYS FOR PLAINTIFFS**

**REED & TERRY, LLP**

By: /s/ *Travis B. Terry*
      TRAVIS B. TERRY
      State Bar No.: 00788518
      56 Sugar Creek Center Blvd., Ste. 300
      Sugar Land, Texas 77478
      (281) 491- 5000 – Telephone
      (281) 491-5055 – Fax
      travis@reedterrylaw.com

      **ATTORNEY FOR PLAINTIFF**



STATE OF TEXAS
COUNTY OF NUECES
The above and foregoing is a true and
correct copy as the same appears on
file and/or recorded in the appropriate
records of Nueces County, Texas.
Thereby certified on _____ OCT 1 8 2017

ANNE LORENTZEN
NUECES COUNTY DISTRICT CLERK
CLERK OF THE DISTRICT AND COUNTY COURTS AT LAW