United States District Court
Southern District of Texas
**ENTERED**
January 09, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| AVALANCHE FOOD GROUP, LLC, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:17-CV-338 |
| § | |
| STARR SURPLUS LINES INSURANCE § | |
| COMPANY, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER ON MOTION TO REMAND

Plaintiffs Avalanche Food Group, LLC and AFG SPID, Inc. filed this action against their insurance carriers,[1] along with their independent adjuster, Jay Adame, Sr. (Adame), alleging violations of the Texas Insurance Code.[2] At issue is a claim for business interruption losses caused by a city-wide water contamination event on or about December 15, 2016. Plaintiffs originally filed the action in the 94th Judicial District Court of Nueces County, Texas on August 31, 2017.

The Carriers removed the action to this Court on October 27, 2017, within thirty days of being served with the summons and complaint. D.E. 1, ¶ 4. The basis for removal is diversity jurisdiction pursuant to 28 U.S.C. § 1332. It is undisputed that the amount in controversy requirement is met. However, Defendant Adame is a Texas citizen, destroying the diversity of citizenship requirement. In support of federal

---

[1] Defendants Starr Surplus Lines Insurance Company, Chubb Custom Insurance Company, General Security Indemnity Insurance Company of Arizona (collectively Carriers).

[2] In addition to the claims against Adame, Plaintiffs allege breach of contract, breach of the duty of good faith and fair dealing, and insurance code violations against the Carriers.

jurisdiction, the Carriers argue that Defendant Adame is improperly joined such that the Court may disregard his citizenship.

Before the Court is Plaintiffs' motion to remand (D.E. 10), in which Plaintiffs defend against the improper joinder argument. The Carriers have filed their response (D.E. 17). For the reasons set out below, the Court GRANTS the motion to remand (D.E. 10).

## DISCUSSION

### A. Standard of Review

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id*. The strict construction rule arises because of "significant federalism concerns." *See generally, Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). Only the second method is at issue here.

The motion to remand must be granted unless "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). The existence of a viable claim is determined according to federal pleading standards. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). Under federal standards, the pleadings must allege sufficient facts to demonstrate that the claim alleged is plausible rather than speculative. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## B. Sufficiency of the Allegations Against Adame

### 1. The Facts and their Fit

Plaintiffs have alleged the following facts against Adame:

- In adjusting the claim, Adame retained an accounting expert that was biased in favor of the Carriers;
- Adame was aware of policy provisions prohibiting the reduction of a claim for certain stock, supplies, merchandise, and services, had no evidence of such items, yet adjusted the loss so as to reduce it for such items;
- Adame persisted in this error despite having it pointed out to him; and
- Adame prepared a sworn statement and proof of loss containing these errors and tried to get Plaintiffs to sign it.

D.E. 1-4, ¶ 15.[3] The *Twombly/Iqbal* analysis requires that the Court treat these allegations as true. *Twombly*, 550 U.S. at 555.

The Carriers claim that Plaintiffs' allegations are based upon the patently false premise that the policy prohibited the challenged reductions of the gross earnings calculation from which Plaintiff's loss is derived. Rather, they argue, the policy requires those reductions. D.E. 17, p. 12; D.E. 17-2, pp. 4-5.[4] Plaintiffs' articulation of their claim does appear to contradict the clear policy requirements for reductions of the categories of costs listed. Thus the claim is not cognizable on that basis.[5]

However, Plaintiffs also plead that Adame procured a biased calculation, making those reductions, when there was no evidence to support any of the costs assigned to those reductions. D.E. 1-4 ("In spite of having no evidence whatsoever of any expenses that met the policy's definitions . . . ."). The operative factual allegations, fairly read, are that Adame adjusted the loss using false deductions, supported by a biased expert that he retained in order to lend her imprimatur to his wrongful acts, solely to provide a result favorable to the Carriers. He did this knowingly by persisting after Plaintiffs specifically challenged the calculations. Properly understood, the Court must now determine whether

---

[3] Under the heading "Facts," Plaintiffs go on to state that Defendants (without listing Defendants or distinguishing among them) engaged in conduct described as violations of the Texas Insurance Code and knowing or reckless false representations or concealments. *Id.*, ¶¶ 18-22, 27. These allegations are not factual but rather are formulaic and conclusory. For that reason, they fail the federal pleading requirements of *Twombly* and *Iqbal* and are thus disregarded.

[4] In a Rule 12(b)(6)-type inquiry, the Court may consider documents identified as central to the claims made. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

[5] In their Response to Defendants' Motion to Dismiss (D.E. 12), Plaintiffs recite their claim as challenging reductions "other than" those listed in the referenced policy language. *Id.*, p. 3. They seek leave to amend to make that change to their pleading. *Id.*, p. 6; D.E. 12-1, p. 4. Either way, Plaintiffs are complaining that improper deductions, without supporting evidence of the costs deducted, were made against their loss. Thus any correction in the articulation of their claim would not change the remand analysis herein.

these factual allegations support the Texas Insurance Code causes of action invoked against Adame.

At the outset, the Court notes that an adjuster is a "person" subject to the requirements of the Texas Insurance Code with regard to acts undertaken in the business of insurance—an issue the Carriers do not dispute. Tex. Ins. Code § 541.002(2); *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544 (5th Cir. 2004); *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998). *See also*, D.E. 17, p. 3. While the Texas Insurance Code generally applies to Adame, the question for the Court is whether the alleged conduct states violations of any of the five specific provisions Plaintiffs invoked. The Court considers each in turn.

**Section 541.060(a)(1)**: "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue . . . ." The Carriers complain that Plaintiffs have not alleged a misrepresentation that relates to coverage but rather that Plaintiffs simply disagree with the loss calculation. However, a fair reading of the allegations includes the concept that Adame misrepresented the existence of costs that fall within the terms of the coverage definitions of items to be deducted from the claimed loss. Thus the alleged facts arguably fit section (1).

**Section 541.060(a)(2)**: "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of: (A) a claim with respect to which the insurer's liability has become reasonably clear . . . ." The Carriers complain that Plaintiffs' invocation of this provision is merely conclusory. However, Plaintiffs' allegations include bad faith in misrepresenting the evidence of qualified costs and hiring a biased expert. They also

allege that Adame failed to respond appropriately to notice that the loss calculation was incorrect. The allegations are factual rather than conclusory and arguably fit section (2).

**Section 541.060(a)(3)**: "failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim . . . ." The Carriers argue only that the allegations of a violation of this section are conclusory. While Plaintiffs disagree with the loss calculation, it is true that they make no factual allegation that its basis was withheld from them or that it was unreasonably delayed by anything that Adame did. The allegations do not fit section (3).

**Section 541.060(a)(4)**: "failing within a reasonable time to: (A) affirm or deny coverage of a claim to a policyholder . . . ." Again, the Carriers complain that Plaintiffs' allegations with respect to this violation are conclusory. The Court agrees. Furthermore, it appears that Plaintiffs concede that the Carriers offered coverage of the claim. The only disputes have to do with the manner in which the loss calculation was performed and its results. And, again, Plaintiffs do not allege that Adame was personally responsible for any timing issues. The allegations do not fit section (4).

**Section 541.060(a)(7)**: "refusing to pay a claim without conducting a reasonable investigation with respect to the claim . . . ." The Carriers challenge this claim as conclusory and patently contradicting the policy language requiring the deductions taken. The Court has acknowledged that the policy permits deductions for the categories of costs at issue. However, the Carriers' arguments fail to take into consideration Plaintiffs' allegation that there was no evidence to support the actual deduction of particular sums

from the loss claimed. This goes to the reasonableness of the investigation. The allegations fit section (7).

Thus the Court finds that the factual allegations are sufficient to support claims under Texas Insurance Code § 541.060(a)(1), (2), and (7).

### 2. Whether the Provisions Apply to Adjusters

Regardless of whether the alleged conduct appears to violate these three provisions of the Texas Insurance Code, the Carriers further challenge the viability of each on legal grounds. They argue that, as a matter of law, the duties involved are owed only by insurance companies such that the provisions cannot apply to an adjuster's conduct. *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 950 (S.D. Tex. 2016) (rejecting § 541.060(a)(2) claim against adjuster because it governs only insurance companies); *Gutierrez v. Allstate Fire & Casualty Ins. Co.*, No. 3:17-CV-0636-D, 2017 WL 2378298, * 3-4 (N.D. Tex. June 1, 2017) (rejecting § 541.060(a)(2) and (7) and numerous other causes of action as not applicable to adjusters); *Vallejo v. Allstate Vehicle & Property Ins. Co.*, No. 7:17-CV-94, 2017 WL 2240796, *3-4 (S.D. Tex. May 23, 2017) (rejecting liability of adjuster under (a)(2) for both factual insufficiency and liability restricted to insurance company, but rejecting (a)(7) claim only for factual insufficiency); *One Way Investments, Inc. v. Century Sur. Co.*, No. 3:14–CV–2839–D, 2014 WL 6991277, *4 (N.D. Tex. December 11, 2014) (rejecting (a)(1) claim as conclusory and not addressing policy terms, and rejecting (a)(2) and (7) claims on the basis that they govern only insurance companies).

First, none of the Carriers' cases hold that § 541.060(a)(1) claims against adjusters are precluded because liability may only be ascribed to insurance companies. Instead, when subsection (a)(1) is raised, the claim is rejected for some other reason, such as its conclusory nature. Thus at least one of Plaintiffs' causes of action survives this challenge, which is sufficient to require remand. *Gray ex rel. Rudd v. Beverly Enterprises-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

Second, even while making this claim, the Carriers acknowledge, "There is no clear consensus on this issue amongst federal courts." D.E. 17, p. 12 n.3. *See also, Lopez,* 197 F. Supp. 3d at 950 (noting that the case law is not settled, but opting to limit adjuster liability under (a)(2)). There is a split among trial courts and the parties have cited no decision from the Fifth Circuit or Supreme Court of Texas to resolve the disagreement and this Court has found none.

Specifically with respect to subsection (a)(2), one recent Northern District of Texas opinion holds not only that the statutory language encompasses the role of an adjuster, but that any conflict among the courts on this issue must be resolved in favor of remand under the standard of review and burden of proof. *Roach v. Allstate Vehicle and Property Ins. Co.*, No. 3:15-CV-3228-G, 2016 WL 795967, *5-6 (N.D. Tex. February 29, 2016) (holding that an adjuster can "effectuate" the settlement of a claim under (a)(2) even if he cannot finalize that settlement) (citing *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (holding that "any ambiguities of state law must be resolved" in favor of remand)); *Mary v. Allstate Texas Lloyd's*, No. 3:16-CV-

3383-L-BN, 2017 WL 6462009, at *2 (N.D. Tex. Dec. 19, 2017) (same; collecting cases).

Despite their burden of proof to demonstrate that there is no possibility of a viable claim against Adame, the Carriers do not attempt to resolve the conflict in the cases but rather cite only to the opinions that reject the claims against adjusters. The Court declines to read the provisions of § 541.060(a)(1), (2), and (7) as applying only to insurance companies and not to adjusters. The Court resolves any ambiguities in the law in favor of remand pursuant to the applicable standard of review.

### C. Piercing the Pleadings Regarding Adame's Liability

Last, the Carriers suggest that the Court may pierce the pleadings and consider summary judgment-type evidence that defeats Plaintiffs' apparent claims.

> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

With their response to the motion to remand, the Carriers have offered Plaintiffs' state court petition, the insurance policy language involved, and the Affidavit of Adame. They suggest that their evidence demonstrates that Plaintiffs misstated or omitted discrete facts regarding whether Adame was properly joined. The Court has already considered

the pleading and the policy in determining that Plaintiffs have stated a claim upon which relief may be granted, consistent with a Rule 12(b)(6) analysis. *See Funk,* 631 F.3d at 783; *Collins*, 224 F.3d at 498–99. The only question is whether the Affidavit should be considered and, if so, whether it changes the analysis.

The Affidavit (D.E. 17-3) confirms Adame's assignment as adjuster on this case and his participation in the retention of the accountant. It denies any involvement in the loss calculations as a matter of accounting expertise. However, it fails to address Plaintiffs' allegation that amounts included in the loss calculation are not based upon evidence. Setting aside the self-serving nature of the Affidavit, it is incomplete to address all of Plaintiffs' claims. It further risks going beyond a "summary inquiry," which should be limited to undisputed "misstated or omitted discreet facts" that would easily refute the propriety of Adame's joinder and ventures into the merits of the case. The Court, in its discretion, declines to expand the inquiry to include Adame's Affidavit.

## CONCLUSION

For the reasons set out above, the Court GRANTS the motion to remand (D.E. 10) and REMANDS this case to the 94th Judicial District Court of Nueces County, Texas, the court from which it was removed.

ORDERED this 9th day of January, 2018.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE